UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. HARRIS,

      Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

      Defendant.

Case No. 2:17-cv-00819-RAJ-TLF

REPORT AND RECOMMENDATION

NOTED FOR FEBRUARY 2, 2018

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court reverse defendant's decision to deny benefits, and remand this matter should for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On December 12, 2013, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that he became disabled beginning May 4, 2009. Dkt. 10, Administrative Record (AR) 18. Both applications were denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which plaintiff appeared and testified, as did a lay witness and a vocational expert. AR 40-82.

REPORT AND RECOMMENDATION - 1

In a decision dated November 27, 2015, the ALJ found no reason to re-open a prior decision by a different ALJ denying a previous application for disability benefits plaintiff had filed, and therefore the relevant period for consideration of plaintiff's current applications began the day after that prior decision, or June 30, 2012. AR 18-19. The ALJ further found that plaintiff could perform other jobs existing in significant numbers in the national economy and therefore that he was not disabled. AR 32-33.

Plaintiff's request for review was denied by the Appeals Council on April 19, 2017, making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on May 31, 2017. AR 1; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481. Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing the ALJ erred in evaluating the medical evidence in the record, and in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the medical evidence in the record concerning plaintiff's fibromyalgia and the opinion evidence from non-examining consultative physician, Guillermo Rubio, M.D., and in finding plaintiff could perform other jobs. Also for the reasons set forth below, however, the finds that while the decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings rather than an award of benefits.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v.*

*Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.    The ALJ's Evaluation of the Medical Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical

opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v.*

*Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

    A.    <u>Plaintiff's Fibromyalgia</u>

Plaintiff argues that while the ALJ found his fibromyalgia was a "severe" impairment at step three of the Commissioner's sequential disability evaluation process,[1] he failed to attribute any significant limitations to that diagnosis in assessing plaintiff's residual functional capacity. Because there is evidence in the record that could support such limitations which the ALJ failed to properly consider, plaintiff argues, she erred. The Court agrees.

In determining plaintiff's fibromyalgia to be a severe impairment, the ALJ noted that on examination, Ingeborg Sacksen, M.D., found plaintiff's tender points were "all positive." AR 22, 589. However, when assessing plaintiff's RFC, the ALJ made no mention of fibromyalgia or Dr. Sacksen's findings. AR 30-31. In addition to finding "all positive" tender points, though, Dr. Sacksen also noted plaintiff had "difficulty raising his arms about his shoulders," and significant tenderness in other parts of his body, including his paraspinous muscles bilaterally and his shoulders. AR 589.

These findings certainly could support a limitation to "[n]o overhead reach[ing] with [the] left arm" as found by Dr. Rubio. AR 154. Further, as discussed below, the ALJ erred by

---

[1] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any step thereof, the disability determination is made at that step, and the sequential evaluation process ends. Id. At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), § 416.920(a)(4)(iii); Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1.

failing to provide any reasons for not adopting this limitation. Dr. Sacksen's findings constitute significant probative evidence that the ALJ was required to consider. *Vincent*, 739 F.2d at 1394-95 And because those findings could have resulted in a more restrictive RFC assessment had the ALJ properly considered them, the ALJ's failure to consider them is harmful and thus forms a basis for reversal of the ALJ's decision. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion).

B. <u>Dr. Rubio</u>

Guillermo Rubio, M.D., is a non-examining consultative physician. In June 2014, Dr. Rubio reviewed the evidence in the record and, among other restrictions, limited plaintiff to no overhead reaching with his left arm. AR 154-55. The ALJ did not mention this or any other of Dr. Rubio's findings in his decision. The limitation to no overhead reaching with the left arm, however, is more restrictive than that which the ALJ adopted in his RFC assessment. AR 26. Here too, therefore, because Dr. Rubio's limitation is based on other independent evidence in the record (AR 153), it constitutes significant probative evidence the ALJ was required to consider but did not. As with the findings of Dr. Sacksen concerning plaintiff's fibromyalgia, this failure to do so also constitutes harmful error.

Defendant argues there is no harm in the ALJ's failure to consider Dr. Rubio's limitation, because the ALJ stated that "[t]he current medical evidence shows full range of motion of the shoulder and neck." AR 30. As discussed above, though, Dr. Sacksen observed that plaintiff had difficulty raising his arms about his shoulders. AR 589. Further, in July 2012, and again in April 2013, plaintiff was unable to fully flex his neck, and had increased pain with neck extension on examination. AR 430, 505. Although plaintiff subsequently showed good range of motion later

in May 2013 (AR 428), in January 2015, plaintiff exhibited increased pain with back extension, and in any event the ALJ does not mention the findings that support plaintiff's claims. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (finding the ALJ improperly "cherry-picked" some of an examining psychologist's characterizations of the plaintiff's rapport and demeanor, instead of considering them in the context of the psychologist's diagnoses and observations).

II. The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform the job of small products assembler and inspector and hand packager, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 32-33. As discussed above, however, the ALJ erred in assessing plaintiff's RFC, as it does not adequately account for the limitation on no overhead reaching with the left arm found by Dr. Rubio or potential limitations stemming from plaintiff's

fibromyalgia. Accordingly, the hypothetical question the ALJ posed, and the vocational expert's testimony and the ALJ's reliance thereon to find plaintiff could perform the above jobs, cannot be said to be supported by substantial evidence or free of error.

Plaintiff further argues that because the ALJ limited him to being able to push/pull less than 10 pounds with his left upper extremity occasionally (AR 26), the small products assembler and inspector and hand packager jobs are precluded. This is because both of those jobs are described by the Dictionary of Occupational Titles ("DOT") as requiring the ability to exert up to 20 pounds of force occasionally. DOT 706.684-022, 1991 WL 679050; DOT 559.687-074, 1991 WL 683797. The Court agrees.

The ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ, furthermore, has the affirmative responsibility to ask the vocational expert about possible conflicts between his or her testimony and information in the DOT. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *1. Thus, before relying on evidence obtained from a vocational expert to support a finding of not disabled, the ALJ is required to "elicit a reasonable explanation for any discrepancy" with the DOT. *Haddock*, 196 F.3d at 1087; SSR 00-4p, 2000 WL 189704, at *1. The ALJ also must explain in his or her decision how the discrepancy or conflict was resolved. SSR 00-4p, 2000 WL 189704, at *4.

Defendant argues the ALJ's affirmative responsibility did not arise here, because there is no conflict between the RFC assessment and the DOT. Specifically, defendant points to the fact that both the Commissioner's regulations and the DOT classify the small products assembler and inspector and hand packager jobs as light work, which involves lifting no more than 20 pounds at

a time with frequent lifting/carrying of objects weighing up to 10 pounds, and that a job also is considered light work when it involves sitting most of the time with some pushing and pulling of arm or leg controls. Dkt. 16, p. 9 (citing 20 C.F.R. § 404.1567, § 416.967; DOT 706.684-022, 1991 WL 679050; DOT 449.687-074, 1991 WL 683797).

The DOT's description of light work, however, does not limit the ability to exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently to either lifting/carrying or pushing/pulling, but rather appears to describe an *overall* strength requirement for those jobs. *See* DOT 706.684-022, 1991 WL 679050; DOT 449.687-074, 1991 WL 683797. In addition, an individual would have to be able to exert *up to* those levels of force, and the DOT does not seem to contemplate that the ability to exert that amount of force with only one upper extremity would be sufficient to perform light work. As such, a limitation to occasional pushing/pulling less than 10 pounds with the left upper extremity results in an apparent conflict with the DOT.

Defendant asserts that because the DOT's narrative description of the two jobs suggests they do not involve any pushing or pulling, any conflict that exists is not "obvious or apparent." Dkt. 16, p. 9 (quoting *Guiterrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016)). Although neither narrative description specifically mentions pushing or pulling (DOT 706.684-022, 1991 WL 679050; DOT 449.687-074, 1991 WL 683797), it is important to recognize that the DOT expressly describes both jobs as entailing the ability to exert up to 20 pounds of force occasionally without limiting that ability to one upper extremity only. It follows that the narrative description and the strength – and other – express requirements of the DOT's job description must be taken into account and read together, otherwise it would not make sense to include those other requirements. For these reasons, the Court finds there is an apparent conflict, and the ALJ erred by not resolving it.

III.      Remand for Further Administrative Proceedings

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.2d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon v. Berryhill*, 874 F.3d 1130, 1133 (9th Cir. 2017). If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing, the case should be remanded for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only "where '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Trevizo*, 871 F.2d at 682-83 (quoting *Garrison v, Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit has recently applied the "credit-as-true" rule by first asking: Were the ALJ's reasons for rejecting the evidence legally insufficient? *Leon*, 874 F.3d at 1133.  Then, having answered that question in the affirmative, the Court considered the second step in the analysis: Are there remaining issues that must resolved before a disability determination can be made, and would further administrative proceedings be useful? *Id.* The Court confirmed that the third step would result in an award of benefits only if the questions at parts one and two of the analysis are answered yes – and crediting the improperly discredited evidence as true, further proceedings would appear to be unnecessary.

The Court in *Leon* held, even where the district court finds in the first part of the analysis that the ALJ has failed to offer sufficient reasons for rejecting evidence, and also finds in the second part of the analysis that there is "a fully developed record without any conflicts, gaps, or ambiguities," and finally reaches the third part of the analysis and credits the rejected evidence as true – it is still within the court's discretion whether to remand for further proceedings, or to remand for award of benefits. *Leon,* 874 F.3d at 1133. If, considering the record as a whole, there are reasons for the district court to have serious doubt as to whether the claimant is disabled – the district court retains discretion to remand to the agency for additional proceedings. *Id.*; *Revels,* 874 F.3d at 669.

Here, the ALJ gave legally insufficient reasons for assessing an RFC that fails to take into account the impact of plaintiff's fibromyalgia or the limitation on reaching overhead with the left arm found by Dr. Rubio. The ALJ also failed to resolve the apparent conflict that exists between the vocational expert's testimony and the job descriptions contained in the DOT. This lack of clarity concerning plaintiff's RFC and his ability to perform the jobs the vocational expert identified creates serious doubt as to whether plaintiff is in fact disabled. Remand for further proceedings, therefore, is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly determined plaintiff to be not disabled, and therefore that it reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

1  purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit,

2  the Clerk shall set this matter for consideration on **February 2, 2018**, as noted in the caption.

3      Dated this 12th day of January, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge